453 A.2d 314

**PITTSBURGH CORNING CORPORATION, Petitioner,**

v.

**Honorable Edward J. BRADLEY, President Judge of the Court of Common Pleas of Philadelphia, and Honorable Harry A. Takiff, Asbestos Calendar Judge of the Court of Common Pleas of Philadelphia, Respondents.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1982.

Decided Dec. 14, 1982.

292

Edward J. David, Charles A. Fitzpatrick, III, Curran, Mylotte, David & Fitzpatrick, Philadelphia, for petitioner.

Melvin Brookman, Joseph D. Shein, Shein & Brookman, Sidney B. Klovsky, Klovsky, Kuby & Harris, Gene Locks, Greitzer & Locks, Alan J. Davis, not involved, City Sol., Peter F. Vaira, Jr., U.S. Atty., Philadelphia, Leroy S. Zimmerman, Atty. Gen. for Com. of Pa., Harrisburg, Alexander F. Barbieri, Court Adm'r of Pa., Lise Luborsky, Robert Corbin, Walter Jenkins, Barbara Pennell, Edward Joseph, Alfred W. Putman, Jr., Thomas Malcolm, Philadelphia, Lynn Detweiler, Peter Weber, Harold Marcus, Francis Shields, John P. Kelley, Dan Ryan, Arthur Makadon, Perry Bechtle, Joseph Foster, Philadelphia, Peter Dunn, Media, Walter Meeley, Edward Greer, James Young, Dudley Hughes, Philadelphia, for respondents.

Howland W. Abramson, Philadelphia, for Judge Bradley, et al.

James Young, Philadelphia, for amici curiae Owens-Illinois, Inc.

Norman Perlberger, Philadelphia, for amici curiae Daniel R. Fluharty, Jr., etc., et al.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

Petitioner, Pittsburgh Corning Corporation, a defendant in asbestos litigation, has requested this Court to exercise its plenary jurisdiction and to issue a writ of prohibition barring the implementation of Philadelphia General Court Regulation 82–5, which establishes a program of non-jury trials,

with a right of jury trial de novo, for asbestos litigation in the Court of Common Pleas of Philadelphia. For the reasons set forth, we grant the petition to assume plenary jurisdiction and deny the petition for a writ of prohibition.

I

The past ten years have witnessed both the emergence and the explosion of asbestos-related litigation throughout the country, with over 16,000 cases having been filed nationwide. As a center for industries such as shipyards which have used large amounts of asbestos, Philadelphia has experienced the third largest number of asbestos-related case filings of any jurisdiction in the nation, with over 1,850 cases pending and new cases currently being filed at the rate of approximately seventy-five per month. Because the latency period between initial exposure to asbestos and the development of disease symptoms can be as long as twenty to thirty years, it is reasonable to assume that asbestos cases will continue to be filed in substantial numbers for years to come.

In an attempt to deal with the problems created by the influx of asbestos litigation, the Court of Common Pleas of Philadelphia created a separate asbestos docket in 1976, and an asbestos calendar judge was appointed. Subsequently, several judges—currently six—were assigned to hear asbestos cases. Thus far, however, fewer than twenty-five cases have been tried to verdict, all by jury, with each case lasting an average of two to three weeks. Attempts to achieve settlements have been hampered by the presence of fifteen to thirty defendant companies in each asbestos suit, and in recent years virtually no asbestos cases have been settled.

In the face of this steadily increasing caseload, the Court of Common Pleas of Philadelphia promulgated Philadelphia General Court Regulation 82–5, effective July 12, 1982.[1] The regulation authorizes the asbestos calendar judge to assign any case on the Philadelphia asbestos docket to a

1. Regulation 82–5 superseded Philadelphia General Court Regulation 82–4, a similar rule which had been promulgated on June 21, 1982.

judge for a non-jury trial, following the completion of which any party may demand a de novo trial by jury.[2]

**2.** Regulation 82–5 provides in full:

"A. Upon designation of the Asbestos Case Calendar Judge, any asbestos case or consolidated asbestos case or consolidated asbestos cases on the trial list may be assigned to a judge for a non-jury trial.

1. The trial shall be conducted in accordance with all existing state and local rules of civil procedure applicable to non-jury trials.

2. A stenographic record shall be kept of the trial.

3. To minimize time and expense of trial, subject to the rules of evidence relative to admissibility, competence, relevance, etc., the judge at the trial may incorporate into the record by appropriate reference deposition or other recorded testimony, provided that the opportunity shall be afforded any adverse party or parties to offer counter-designation of any deposition or other testimony. The judge may likewise dispense with the playing of video-tape depositions by incorporation by reference of the stenographically recorded transcripts thereof, subject as aforesaid to counter-designations and the rules of evidence.

4. The Judge shall, within forty-eight (48) hours, render and record the verdict in the same manner and form as such decisions are rendered in any non-jury trial in accordance with the Rules of Civil Procedure.

B. The submission of a case for a non-jury trial in asbestos cases shall in no way limit or abridge the right of any party to a *de novo* trial by jury in all cases where trial by jury has been appropriately demanded.

1. If there is no timely demand for a *de novo* trial, any jury fees previously paid shall be refunded to the party that paid them so that the costs are the same as non-jury trials.

2. The decision of the trial judge shall not be made known to the trier of fact at a *de novo* jury trial.

3. Testimony in the non-jury trial shall be treated at the *de novo* trial in the same manner and may be used with the same force and effect as testimony of a witness at a pre-trial deposition or prior trial.

4. Demand for a *de novo* trial before a jury shall be made within ten (10) days after rendition of the verdict and in the same manner as now provided for the filing of exceptions and/or appeal in a non-jury trial.

5. If the verdict of the non-jury trial judge is acceptable to either plaintiff or defendant(s), it shall be deemed the settlement value of the case for all purposes of Philadelphia Rule of Civil Procedure 170 upon rendition of the jury verdict if a *de novo* trial is demanded.

In accordance with Rule 170, the Judge presiding in the non-jury trial may, within ten (10) days after the final judgment, notify the Asbestos Calendar Judge to schedule a hearing to determine whether or not any sanctions shall be ordered against the party who had refused to abide by the non-jury verdict."

The present petition was promptly filed, as well as an application for an injunction staying the operation of the regulation pending this Court's decision on whether to issue the requested writ. The injunction was granted on July 13, 1982.

## II

Petitioner asserts that the requirement of an initial non-jury trial in asbestos cases unconstitutionally burdens its right to a jury trial, as provided by Article I, section 6 of the Pennsylvania Constitution. It is settled by our case law, however, that where, as here, a jury trial de novo is available to litigants prior to a final determination of their rights, the requirement that the litigants proceed first in another forum does not offend the Constitution. *Parker v. Children's Hospital of Philadelphia,* 483 Pa. 106, 119, 394 A.2d 932, 939 (1978) (requirement that medical malpractice actions proceed first to arbitration held constitutional). Accord, *Smith's Case,* 381 Pa. 223, 112 A.2d 625, appeal dismissed, 350 U.S. 858, 76 S.Ct. 105, 100 L.Ed. 762 (1955). As we stated in *Smith's Case,* "[a]ll that is required is that the right of appeal for the purpose of presenting the issue to a jury must not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." 381 Pa. at 231, 112 A.2d at 629.

Here, it is precisely the "practical unavailability" of a jury trial in asbestos cases that led to the creation of the non-jury program. As has been noted, the court of common pleas faces a steadily increasing backlog of asbestos cases, with a current inventory of over 1,850 cases. If the six judges currently assigned to hear asbestos cases were to try all of these cases before juries, at the present average length of two and one-half weeks per jury trial they could hear only 125 cases a year. If asbestos cases continue to be filed at the present rate of 75 per month, or 900 a year, the number of pending cases would nearly double within two years. Even if no new asbestos cases were to be filed, it would take

nearly fifteen years to dispose of the current inventory. If the twenty judges currently trying other civil cases in the Court of Common Pleas of Philadelphia were to be assigned to hear only asbestos jury trials, the number of cases pending would still increase by approximately 350 cases a year, if the present rate of filing continues; even if all fifty-seven judges in the trial division in the court of common pleas were to do nothing but preside over asbestos jury trials, it would take nearly two years to dispose of the present case inventory, by which time another 1,500 asbestos cases would have been filed.[3]

Manifestly, the most onerous burden on asbestos litigants' right to a jury trial is the effect of the sheer volume of asbestos cases pending and yet to be filed. The requirement that the parties proceed initially before a judge is intended to alleviate, not increase this burden. Because non-jury trials invariably take less time than jury trials, the non-jury trials will provide asbestos litigants with a more prompt adjudication of their rights than they would otherwise receive.[4] Although either party may challenge the court's decision by way of a jury trial de novo, it is reasonable to

3. Any plan to reduce the backlog of asbestos cases by expanding the number of judges trying those cases would, of course, affect efforts to reduce the general backlog in the Court of Common Pleas of Philadelphia. As of October 4, 1982, the current inventory of major civil cases, exclusive of asbestos cases, was over 8,300. The current inventory of criminal cases was over 6,000.

4. Because many of the same issues and defendants are involved in every asbestos case, asbestos litigation should be particularly amenable to the efficiencies which can be achieved through non-jury trials. As respondents point out, once the program is in operation, counsel will be able to incorporate by reference testimony which has proven to be uniform in all asbestos cases and with which the asbestos judge has become familiar, thus avoiding the necessity of establishing the qualifications of experts who appear repeatedly in asbestos trials and the necessity of educating the fact-finder in every case as to the effects of asbestos on the human body.

Respondents estimate that these procedural advantages will permit non-jury trials to take an average of two to three days as opposed to the average of two to three weeks consumed by those asbestos cases which have been tried by jury. Whatever the precision of respondent's forecast, there is every reason to expect that non-jury proceedings will result in a substantial savings of time.

conclude, on the basis of the success of past and present non-jury programs such as arbitration, that many litigants will find the initial decision fair and equitable and will choose not to seek de novo review. Thus, many of those who do demand a subsequent jury trial may have that trial sooner than would be possible if all cases were tried by jury in the first instance.

 As we conclude that a program of initial non-jury trials for asbestos litigation in the Court of Common Pleas of Philadelphia does not unduly burden the parties' right to a trial by jury, but rather may serve to avoid intolerable delay in the vast majority of asbestos cases, petitioner's challenge on this ground must be rejected. So, too, we must reject petitioner's contention that, by applying only to asbestos cases, the program of initial non-jury trials is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and Article III, section 32 of the Pennsylvania Constitution. There is a manifest need for an effective procedure to facilitate the prompt disposition of the growing backlog of asbestos cases in the Court of Common Pleas of Philadelphia, and the procedure chosen is clearly related to the paramount goal of achieving timely justice.

### III

 Petitioner's final contention is that the court of common pleas lacked authority to promulgate Regulation 82–5. We do not reach this contention, for we conclude that the critical nature of the problem created by the avalanche of asbestos litigation requires that we exercise the "general supervisory and administrative authority over all the courts ..." conferred upon this Court by Article V, section 10 of the Pennsylvania Constitution. In the interest of the fair and speedy resolution of asbestos cases, we direct that all asbestos-related litigation in the Court of Common Pleas of Philadelphia proceed initially to a non-jury trial, with a right of a jury trial de novo. The Court of Common Pleas of

Philadelphia may, of course, adopt such procedures as are necessary to implement our mandate.

Our overriding concern in mandating this non-jury trial program is to achieve the efficient disposition of asbestos cases without unfairly depriving any litigant of an opportunity to obtain a full and fair adjudication of his rights. As this Court has observed,

"[i]t is the constitutional right of every person who finds it necessary or desirable to repair to the courts for the protection of his legally recognized interests to have justice administered without sale, denial or delay."

*Commonwealth ex rel. Duff v. Keenan,* 347 Pa. 574, 583, 33 A.2d 244, 249 (1943). Having assumed plenary jurisdiction over petitioner's challenge to Philadelphia General Court Regulation 82–5 and having exercised our constitutional authority to direct that there be a non-jury trial with a right of a jury trial de novo in all asbestos-related litigation in the Court of Common Pleas of Philadelphia, this Court will closely monitor the course of that litigation to ensure that the program is meeting its objectives.

Writ of prohibition denied. Plenary jurisdiction assumed, and record remanded for proceedings consistent with this opinion.