568 A.2d 639

**William M. CUSTREN, Appellee,**

**v.**

**HARLEYSVILLE INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 20, 1989.

Filed Jan. 5, 1990.

252

Joan I. Brecker, Philadelphia, for appellant.

William E. Averona, Philadelphia, for appellee.

Before CAVANAUGH, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

Harleysville Insurance Company appeals from the trial court's order imposing sanctions for failure to settle pursuant to Philadelphia Local Rule 170.[1] On appeal, Harleysville argues that Rule 170 is unconstitutional, does not apply to first-party suits, and does not apply to this case.

1. Philadelphia Local Rule 170 provides, in pertinent part:

.     .     .     .     .

B. If any action tried by a jury in which the sole relief sought is money damages, the trial judge on his/her own motion or on motion of any party may direct the attorneys for the parties to appear for a settlement conference.

C. Prior to termination of the settlement conference, the trial judge shall determine whether he/she can fairly evaluate the settlement value of the case.

D. Should the trial judge determine that he/she can fairly evaluate the settlement value of the case, he or she shall promptly advise the attorneys for the parties of the evaluation, and the evaluation with the parties' agreement or non-agreement with it shall be recorded and made a part of the action.

E. Should the case be tried to a verdict and prior to the verdict one of the parties has agreed to accept or to pay the amount recommended by the trial judge, then, if the final judgment is twenty percent (20%) or more than the trial judge's evaluation and the plaintiff has agreed to accept the trial judge's recommendation (e.g., if the judge's evaluation is Ten Thousand Dollars ($10,000) for the sanction rule to come into effect, the final judgment must be Twelve Thousand Dollars ($12,000) or more), or if the final judgment is twenty percent (20%) or less than the trial judge's evaluation and the defendant had agreed to pay the trial judge's recommendation (e.g., if the Judge's evaluation is Ten Thousand Dollars ($10,000) for the sanction rule to come into effect, the final judgment ·must be Eight Thousand Dollars ($8,000) or less), then the trial judge may, within ten (10) days after the final judgment, schedule a hearing to determine whether or not any sanctions shall be ordered against the party who had refused to settle.

.     .     .     .     .

H. [criteria to consider in deciding whether to impose sanctions]

I. In the event the trial judge determines that sanctions shall be ordered against the party who refused to settle, he/she may order the party to pay to the County of Philadelphia the reasonable costs incurred as a result of the party's refusal to settle ... In no event shall the order exceed ten percent (10%) of the judgment or trial judge's recommendation, whichever is higher.

After careful consideration of appellant's arguments, we affirm the order of the trial court.

This case arises from a motor vehicle accident. Appellant refused to pay one of appellee's medical bills, claiming that the treatment was not a necessary and reasonable expense. Appellee instituted the present suit.

Before trial, the trial court held a settlement conference pursuant to Philadelphia Local Rule 170. The trial court concluded that the reasonable settlement value of the case was $750, the total cost of the disputed bill. Appellant refused to pay, and the trial court threatened to impose Rule 170 sanctions for failure to settle.

The jury returned a verdict of $750 and judgment was entered at $1,025, including statutory interest. The cost of trial was $3,224.50. The trial court imposed sanctions at ten percent of ten percent of the judgment, pursuant to Rule 170. Appellant objects to this imposition of sanctions.

█ 1. Appellant argues that Rule 170 cannot be applied in this case because the jury's verdict is not twenty percent greater than the trial court's recommended settlement. This argument misstates the law. Rule 170 sanctions are keyed to the amount of the final judgment, not the amount of the jury verdict. *See supra* note 1. If the Philadelphia courts had intended to focus on the jury verdict, the Rule would say so. The final judgment in this case is $1025, more than 35 percent greater than the recommended settlement of $750. Accordingly, Rule 170 applies to this case.

█ 2. Appellant also argues that Rule 170 deprives him of due process and the right to jury trial and is, therefore, unconstitutional. The appellate courts have not yet addressed the constitutionality of Rule 170;[2] however,

2. Contrary to the trial court's suggestion, *Pittsburgh Corning Corp. v. Bradley*, 499 Pa. 291, 453 A.2d 314 (1982), does not completely resolve the issue before us. *Pittsburgh Corning* dealt with a related Philadelphia local rule; however, the court never addressed the question whether sanctions under Rule 170 violate due process and the right to trial by jury.

our holdings regarding similar rules and statutes clearly dictate the result in this case. Rule 170 does not violate due process and the right to trial by jury.

Our Supreme Court has long recognized that the right to jury trial does not preclude alternative preliminary procedures if the ultimate right to jury trial is preserved. *Pittsburgh Corning Corp. v. Bradley*, 499 Pa. 291, 453 A.2d 314 (upholding a program of non-jury trials with right of jury trial de novo); *Parker v. Children's Hospital of Philadelphia*, 483 Pa. 106, 394 A.2d 932 (1978) (upholding compulsory arbitration as a condition precedent to trial by jury in malpractice cases); *Application of Smith*, 381 Pa. 223, 112 A.2d 625 (1955) (upholding a compulsory arbitration plan which required the party appealing to a jury trial to pay certain costs), and cases cited therein. Due process merely requires that the right to present the case to a jury "not be burdened by the imposition of onerous conditions, restrictions or regulations which would make the right practically unavailable." *Application of Smith*, 381 Pa. at 231, 112 A.2d at 629. Thus, the question before us is whether the sanctions under Rule 170 are onerous, making the right to trial by jury practically unavailable.

Rule 170 sanctions are not excessively burdensome. In fact, the sanctions in this case are less burdensome than those approved in *Application of Smith*, 381 Pa. 223, 112 A.2d 625 (1955). The local rule in *Application of Smith* required the appealing party to pay the arbitrator's fee, even where the amount in controversy is relatively small[3] and even if the appellant prevailed at trial. Under Rule 170, the party refusing to settle pays no more than ten percent of the judgment, and pays that sum only if the final judgment after trial is twenty percent less favorable than the settlement value. In light of precedent, we find that the sanctions under Rule 170 are not an undue burden on the right to trial by jury.

---

3. In *Application of Smith*, the amount in controversy was $250 and the arbitrators' fees were $75.

■ 3. Appellant further argues that Rule 170 is unconstitutional because it duplicates provisions in other rules and statutes. Pa.R.Civ.P. 239(b) provides that "[l]ocal rules shall not be inconsistent with any general rule of the Supreme Court or any Act of Assembly." Appellant argues that duplication of these provisions increases the penalty; thus, it is inconsistent with general rules and statutes. We hold that Rule 170 is sufficiently distinguishable from other rules; therefore, it does not violate Rule 239.

Appellant notes similarities between Philadelphia Rule 170 and 75 Pa.C.S.A. § 1716. Both punish a party for failure to pay; however, their purposes are significantly different. Section 1716 is aimed specifically at insurers in the motor vehicle context and punishes them for unreasonable failure to pay a valid claim. This statute is designed to prevent insurers from profiting by bad-faith refusal to pay claims. On the contrary, Rule 170 is designed to clear Philadelphia's overcrowded dockets by punishing parties who refuse to accept a reasonable settlement before trial. The rule and statute are distinguishable because they serve different purposes.

■ Pa.R.Civ.P. 238, not cited by appellant, is more problematic. Like Rule 170, it is designed to encourage settlement and discourage delay. Nevertheless, we find that Rule 238 is distinguishable. Rule 238, like § 1716, compensates the party harmed by the delay by paying that party interest on the sum withheld. It also prevents the recalcitrant party from deriving benefit by withholding funds. Rule 170, on the other hand, compensates the county for wasted judicial time and resources. Thus, the rules are distinguishable because they compensate different harms.

Rule 170 is not so similar to other rules and statutes as to be duplicative. We uphold Rule 170 against this attack.

■ 4. Finally, Appellant argues that Rule 170 is not applicable to first-party lawsuits in which damages are liquidated. Appellant notes that much of the language in

Rule 170 is uniquely appropriate to third-party lawsuits with unliquidated damages.

Appellant's claim has no merit. While we agree that some of Rule 170's provisions are most appropriate in third-party lawsuits with unliquidated damages, we note that the Philadelphia courts did not choose to provide that limitation. The rule is constitutional as it stands. We decline to read limitations into the rule when those limitations are not clearly specified in the text.

Order affirmed.