■ DAVID LEINOFF, INC., Appellant, v 208 WEST 29TH STREET ASSOCIATES, Respondent. [663 NYS2d 554] —Order, Supreme Court, New York County (Charles Ramos, J.), entered July 3, 1996, denying the plaintiff's motion to restore the action to the trial calendar and to strike the defendant's motion for discovery and inspection, unanimously modified, on the law and the facts, to the extent of striking the demands for Mr. Leinoff's personal tax records for 1993 and thereafter, and otherwise affirmed, without costs. Order, same court (Stuart Cohen, J.), entered March 10, 1997, conditionally granting the defendant's motion to dismiss the complaint unless the plaintiff fully complied with the July 3, 1996 order within 20 days, and judgment, same court and Justice, entered May 28, 1997, dismissing the complaint pursuant to the March 10, 1997 conditional order, unanimously reversed, on the law and the facts, without costs, and the complaint conditionally reinstated, subject to the plaintiff's compliance with the discovery demands set forth in the July 3, 1996 order as modified above.

This action arises out of a water damage claim which David Leinoff, Inc. (the insured), a furrier, submitted to its insurer, Interested London Underwriters (Lloyds), as a result of a December 28, 1989 leak from the defendant landlord's sprinkler system. The premises were inspected by Itzhak Weinstock of Graham Miller, Inc., which was Lloyds' adjuster. Mr. Weinstock found that the vast majority of the insured's damaged stock was too badly damaged to retain any significant salvage value. The adjusters nonetheless asked the salvage company, George M. Ruddy & Co., to remove the damaged stock and obtain bids on it. As the sale of the salvaged goods brought the insured only $13,658.46, the major part of the loss was compensated by Lloyds' payment of $372,381 to the insured on its claim.

Lloyds brought the instant subrogation action in the name of its insured in 1991. On June 14, 1995, before any discovery had been conducted, the Supreme Court granted the plaintiff's motion for summary judgment on liability. However, on September 15, 1995, the court granted the defendant's motion to strike the note of issue so that the defendant could depose Mr. Leinoff, who had been the sole officer and shareholder of the insured company until the business folded in 1991. The court stated that the case should remain on the trial calendar.

At his deposition, Mr. Leinoff denied awareness that Itzhak Weinstock (the adjuster) and Victor Boruta (an executive of the salvage company) had each pleaded guilty to insurance fraud in unrelated cases in 1993 and 1994. Mr. Leinoff claimed that he had had no direct dealings with the salvage company.

At the time of his deposition, Mr. Leinoff was employed by his wife's fur business, Fur & Furgery, which had been formed in 1992, shortly after the dissolution of David Leinoff, Inc. He testified that Fur & Furgery had records showing that they had purchased some of the damaged goods from Bank Leumi.

The Supreme Court thereupon struck the note of issue and granted the defendant the opportunity to conduct further unspecified discovery. The defendant's theory was that Mr. Leinoff, in collusion with Messrs. Boruta and Weinstock, had overstated the extent of the damage to Mr. Leinoff's inventory in order to obtain a large recovery from Lloyds, and that Mr. Leinoff had then sold the supposedly unsalvageable goods to his wife's company so that they could be resold to customers.

In order to prove this theory, defendant sought, *inter alia*, Mr. Leinoff's personal tax returns from 1987 to date, and Fur & Furgery's corporate records and records, maintained for it by Bank Leumi, from 1991 to date. Mr. Leinoff contended that his tax records were privileged and that they were not relevant because he had not claimed loss of income. He also argued that Messrs. Weinstock's and Boruta's criminal activities in unrelated cases were an insufficient basis to seek discovery from a non-party, Fur & Furgery, especially since the goods in question were damaged in 1989 while Fur & Furgery had not been formed until 1992. Mr. Leinoff's refusal to comply with these and other discovery demands culminated in the July 3, 1996 order denying the plaintiff's motion to restore the action to the trial calendar and granting the defendant's cross-motion to compel discovery.

The defendant was not satisfied with the plaintiff's compliance with its discovery demands. On March 3, 1997, the court granted the defendant's motion to dismiss the complaint unless the plaintiff complied with the July 3, 1996 order within 20 days after service. The plaintiff did not comply, and a judgment of dismissal was entered on May 28, 1997.

On appeal, with respect to the July 3, 1996 order, the plaintiff challenges only the directions to produce Mr. Leinoff's personal tax returns and Fur & Furgery's records.

Compelled disclosure of personal income tax returns is disfavored because of their private and confidential nature. The moving party must make a strong showing of necessity and demonstrate that the information in the returns is not available from other sources (*Gordon v Grossman*, 183 AD2d 669, 670).

The defendant has alleged that two closely held corporations, David Leinoff, Inc. and Fur & Furgery, conspired to commit in-

surance fraud. These allegations draw some support, however circumstantial, from the fact that both the adjuster and an executive of the salvage company were later convicted of insurance fraud in cases concerning fire and water damage in the garment industry. (Mr. Boruta, in particular, had assisted in the preparation of false claims for three different companies.)

Mr. Leinoff's status as sole officer and shareholder of the former company, and as employee and husband of the owner of the latter company, would have made it easier for him to conceal suspicious corporate transactions (such as receipt of profits from the sale of the supposedly unsalable furs) by documenting them as personal transactions. Discovery of Mr. Leinoff's tax returns is justified because they may contain vital information tending to prove or disprove the existence of such a scheme, and of Mr. Leinoff's pre-1989 financial incentives to perpetrate same (*see, Leon Sylvester, Inc. v Aetna Cas. & Sur. Co.*, 189 AD2d 730 [disclosure of personal tax returns of closely held corporation's two main shareholders warranted when insurance company alleged arson as defense to claim on fire insurance policy]). However, as the scheme described by the defendant would have been complete (if it existed) by 1992, when Fur & Furgery repurchased the damaged furs, discovery of Mr. Leinoff's tax returns after that date is unwarranted. Therefore, the July 3, 1996 order is modified to require production of tax returns only from 1987 to 1992.

The information sought from Fur & Furgery was likewise discoverable. Discovery of a non-party is not unusual when there are special circumstances. Though separately incorporated, Fur & Furgery was run by Mr. Leinoff's wife, at the same premises as the defunct insured corporation. Moreover, at his deposition, Mr. Leinoff frustrated the defendant's efforts to ascertain his role in Fur & Furgery's operation. Inspection of the company's business records and tax returns may be the only way to discover whether the insurance claim accurately reflected the extent of the damage to the inventory repurchased by Fur & Furgery.

Despite the plaintiff's non-compliance with the discovery orders, the extreme sanction of dismissal was unwarranted. The plaintiff did not exhibit such willful, repeated and unjustified non-compliance as to require dismissal of the action (*cf., Vega v 265 W. 37th St. Corp.*, 223 AD2d 385, *lv dismissed* 88 NY2d 962). Additionally, it is too soon to impose such a drastic sanction on the subrogee insurer, who is the real party in interest, when the non-compliance is the fault of an individual who is not a named insured.

Accordingly, the order and judgment dismissing the complaint are reversed, and the complaint is reinstated, subject to the plaintiff's compliance with the discovery order as modified herein. The plaintiff has 20 days from service of this order within which to comply fully and completely with this order.

Motion seeking to consolidate appeals and for other related relief granted only to the extent of consolidating the 3 appeals for purposes of consideration only and otherwise denied. Concur—Rosenberger, J. P., Wallach, Nardelli, Williams and Colabella, JJ.