*782 OPINION OF THE COURT
F. Dana Winslow, J.
By order of this court, dated June 25, 1999, the court directed a hearing, held July 15, 1999, to compile a record to aid the court in establishing the nature and extent of the costs incurred by the County of Nassau, State of New York, and the costs and fees incurred by the plaintiff in connection with the unreasonable maintenance of a frivolous liability defense in this action (CPLR 8303-a; 22 NYCRR 130-1.1 [c] [1], [2]). As noted in the prior order (supra), the defense of the action maintained by the real party in interest, Allstate Insurance Company, was continued in bad faith without any reasonable basis in law or fact and could not be supported by a good-faith argument for an extension, modification or reversal of existing law (CPLR 8303-a [c] [ii]).
On July 15, 1999, the court received stipulations that the State of New York’s expenses for all court personnel for two days were $3,530.64. Nassau County’s cost, as stipulated, was $564 for a two-day appearance for the police officer. However, defendant’s counsel rightfully maintained that one day’s appearance was due to an administrative error not properly allocable to the defendant; thus the County’s net cost was $282. Plaintiff’s counsel testified and the court found that he incurred the following expense: disbursements totaling $818. Counsel also testified that he spent 21 hours at $100 per hour, which the court determined reasonable and devoted to liability issues, following jury selection, for a combined total of $2,918. The total of all costs incurred as a result of the maintenance of the liability defense is determined to be $6,730.64.
The court next examines the issue of frivolous conduct. The instant claim arose out of a Vehicle and Traffic Law dart-out violation resulting in a clear determination of defendant’s negligence and only a theoretical possibility of plaintiff’s culpability. Defendant’s counsel was warned in pretrial conferences, on three occasions, that based upon his offer of proof, there was no liability defense (see, order dated June 25, 1999). In addition, plaintiff offered an inducement in the form of a 10% allocation of liability with a commensurate reduction in the damages if Allstate conceded liability. This compromise was rejected by the defendant’s insurance carrier. The court concluded that the plaintiff engaged in meaningful liability negotiations, but that the carrier did not. The court warned defense counsel that it intended to assess costs and impose *783 sanctions, not on the attorneys, but on the party resisting concession, the insurance carrier, in the event the jury returned a verdict finding the defendant solely liable. The named defendant’s voice was never heard on this issue.
Rules of the Chief Administrator of the Courts (22 NYCRR) § 130-1.1 (a) provides that the court, in its discretion, may award costs to any party or attorney in any civil action, in the form of reimbursement for actual expenses reasonably incurred and reasonable attorney’s fees, resulting from frivolous conduct and in addition to or in lieu of awarding such costs the court may impose financial sanctions upon any party or attorney for such frivolous conduct.
Defendant’s attorney agreed with the court’s view that defendant’s liability defense was not one in which he had any realistic opportunity for success and clearly not for a comparative determination in excess of 10%. It remains unrefuted that those views were communicated to Allstate Insurance Company. The carrier’s direction was to proceed with the defense of the action.
Under these circumstances the court assesses costs and imposes sanctions against Allstate Insurance Company, not against the named defendant’s attorney. Neither the Rules of the Chief Administrator of the Courts (22 NYCRR part 130) nor the CPLR (art 83) presents a definition of a party. While the court recognizes that an insurance carrier is not traditionally considered a party, under the circumstances presented, with the control of the defense manifested by Allstate Insurance Company in this action, the court finds that Allstate is the real party in interest. When, as here, an insurance company makes a business determination to exercise a prerogative which flies in the face of reason, and is used to delay and exasperate, then the carrier must accept the consequences of such conduct.
An examination of New York authority reveals that no court has definitively decided that an insurance carrier is or is not a real party in interest when it controls its insured’s defense. In Matter of State Farm Ins. Co. v Aronin (229 AD2d 499) an appeal was taken from an order imposing $10,000 in sanctions against the petitioner carrier. The sanction was imposed in the context of a personal injury action to which the petitioner was not a party. In that case, while the sanction against the carrier was found to have exceeded the trial court’s jurisdiction, that determination was predicated upon a finding that prior to the imposition of the sanction the carrier had not been afforded any notice of the court’s determination to impose such a sane *784 tion for the carrier’s failure to provide a representative “ ‘who has final authority to settle cases’ ” (supra) or any opportunity to be heard on that issue. The decision did not address the propriety of assessing the sanctions against the carrier, who was not a party; however, the Court concluded that under the circumstances presented, the respondent Justice had exceeded his jurisdiction, giving some comfort but not determining that the carrier was a nonparty in that action.
In Leinoff v 208 W. 29th St. Assocs. (243 AD2d 418) the First Department recognized that a carrier was the real party in interest in an action, although not a party. The Leinoff action arose out of a water damage claim filed by the plaintiff tenant corporation as an insured with its insurer as a result of a leak in the defendant’s sprinkler system on property leased to the appellant plaintiff. The insurer brought a subrogation action in the name of its insured against the property owner. The property owner defendant was not satisfied with the individual plaintiffs compliance with its discovery demands and the court granted the defendant’s motion to dismiss the complaint on this basis unless plaintiff complied with the demands. The plaintiff did not comply and the complaint was dismissed. On appeal the Court held that despite the plaintiffs noncompliance with the discovery orders, the extreme sanction of dismissal was unwarranted and that it was too soon to impose such a drastic sanction on the subrogee insurer, who was the real party in interest, when the noncompliance was the fault of an individual who was not a named insured. Again, as in Aronin (supra), it provides some support for the proposition that an insurer is not a real party in interest.
The role of the insurer as the real party in interest in similar tort actions is recognized under Insurance Law § 2601 — “Unfair claim settlement practices; penalties.” This section provides that no insurer doing business in this State shall engage in unfair claim settlement practices. Any of the following acts by an insurer, if committed without just cause and performed with such frequency as to indicate a general business practice, shall constitute unfair claim settlement practices: “(4) not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear.” (Insurance Law § 2601 [a] [4] .) This good-faith settlement standard in effect in New York further supports the court’s position that the insurer is the legally responsible party under the facts presented. As noted in Harris v Standard Acc. & Ins. Co. (191 F Supp 538, 540 [SD NY], revd *785 on other grounds 297 F2d 627 [2d Cir 1961]) “[s]ince the [insurance] company * * * has power, through the control of settlement, to adversely affect the insured’s interests, it must necessarily bear a legal responsibility for the proper exercise of that power. Thus, the law imposes upon the insurer the obligation of good faith — basically, the duty to consider, in good faith, the insured’s interests as well as its own when making decisions as to settlement” (see also, Brown v United States Fid. & Guar. Co., 314 F2d 675).
Other jurisdictions have recognized the role the insurer plays in such tort actions as the real party in interest. For example, Philadelphia General Civil Rule 170, “Sanctions for Failure to Settle,” specifically defines a “party” to mean a named party and/or his insurance carrier (see, e.g., Patitucci v Laverty, 394 Pa Super 565, 576 A2d 992). Philadelphia Local Rule 212.2 (E), which is the successor to Rule 170 and is substantially equivalent (Smith v University Plaza Assocs., 24 Phila 290), provides that the trial court may impose sanctions if the trial verdict is either 20% greater or lesser than the amount recommended by the Trial Judge and refused by the nonsettling party. The constitutionality of this rule has been supported in Custren v Harleysville Ins. Co. (390 Pa Super 251, 568 A2d 639), which found that the rule does not violate due process or the right to a jury trial. “If the representative of a nonparty insurance carrier fails to attend, the remedy and sanctions are less clear, but arguably consist of penalties against the offending carrier or representative for contempt of court.” (Henry v Prusak, 229 Mich App 162, 169, n 4, 582 NW2d 193, 196, n 4.)
At the hearing no testimony was presented by counsel or the carrier to refute or explain the carrier’s obstructionist conduct. Defense counsel did maintain, and the court agrees, that there were damage issues but did not demonstrate that there was a misapprehension of the effect of the defendant’s Vehicle and Traffic Law violation with the resulting dart-out collision.
Accordingly, the court hereby imposes sanctions against Allstate Insurance Company in the amount of $5,000 and costs in the sum of $6,730.64. The $5,000 sanction shall be paid to the Fund for Client Protection, established pursuant to section 97-t of the State Finance Law, $3,812.64 shall be deposited with the Clerk of the Court for transmittal to the Commissioner of Taxation and Finance, pursuant to 22 NYCRR 130-1.3 and the balance payable of $2,918 paid to the plaintiffs counsel.
The court determines that the issue is less the extent of the conduct exhibited by the carrier than the existence of control. *786 If the insurance company wishes to control the claim against its insured, which it is clearly entitled to do, then the consequences, both beneficial and detrimental, must be accepted. The common law has created fictions which must require examination by succeeding courts and supplantation with social reality when their applications are no longer appropriate. At the beginning of the 21st century, the reality is that insurance companies are as much a party in interest as the named insured defendant.
The court is aware that the determination may have an initial chilling effect on defense counsel’s candor during settlement negotiations. However, the court believes attribution of responsibility to the party possessing control will promote rational justified negotiation when the protective barrier between counsel of record and the insurance carrier is removed.