DON F. MANZELLA, Respondent, v PROVIDENT LIFE AND CASUALTY COMPANY, Appellant. [709 NYS2d 772] —Order unanimously affirmed with costs. Memorandum: In August 1991 defendant issued a disability income policy to plaintiff. In September 1992, after suffering a back injury, plaintiff filed a claim for the payment of benefits under the policy. Defendant paid benefits to plaintiff until September 23, 1997, when it notified plaintiff that his benefits were being terminated because he no longer met the policy definition of totally disabled. Plaintiff then commenced this breach of contract action. In its demand and second demand for production of documents, defendant sought plaintiff's personal income tax returns from a time prior to plaintiff's injury. Defendant contended that plaintiff, who had been a successful insurance agent for Prudential from 1966 through 1991, had suffered business setbacks after making a decision to go into business for himself. Defendant contended that plaintiff's financial situation was

relevant on the issue whether plaintiff had a motive to falsify his injury claim.

Supreme Court properly denied defendant's motion to compel disclosure of plaintiff's personal income tax returns. Disclosure of tax returns is disfavored because of their "confidential and private nature" (*Gordon v Grossman,* 183 AD2d 669, 670), and the party seeking such disclosure must make a showing of "overriding necessity" (*Four Aces Jewelry Corp. v Smith,* 256 AD2d 42; *see also, Leinoff, Inc. v 208 W. 29th St. Assocs.,* 243 AD2d 418, 419). Defendant failed to make that showing. The issue in this breach of contract action is whether plaintiff was no longer disabled within the meaning of the policy. Thus, the financial condition of plaintiff preceding his claim for disability benefits is irrelevant. (Appeal from Order of Supreme Court, Erie County, Notaro, J.—Discovery.) Present—Pigott, Jr., P. J., Green, Hayes and Hurlbutt, JJ.