## Flatbush Ctr. Parking LLC v Kings Theatre Master Tenant, LLC

2024 NY Slip Op 31499(U)

April 26, 2024

Supreme Court, New York County

Docket Number: Index No. 654526/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**        PART                58

*Justice*

-----------------------------------------------------------------------X

FLATBUSH CENTER PARKING LLC

                  Plaintiff,

          - v -

KINGS THEATRE MASTER TENANT, LLC,

                  Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 654526/2020 |
| MOTION DATE | 03/15/2024 |
| MOTION SEQ. NO. | 007 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 223, 224, 225, 226

were read on this motion to/for                         SEAL                  .

In this commercial contract case, defendant moves for an order sealing two specific documents designated as "Confidential" by non-party Staples, Inc., and plaintiff cross-moves for an order sealing more than 75 additional documents. The parties are presently briefing motions for summary judgment, and the documents at issue in this motion relate to exhibits and deposition transcripts filed in connection with the summary judgment motions.

For the reasons set forth below, defendant's motion is granted; and plaintiff's cross-motion is granted in part and denied in part.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The claims and counterclaims at issue in this action were discussed in the Court's prior decision on plaintiff's motion to quash third-party subpoenas served by defendants on Staples and three other retail tenants at a shopping center in Brooklyn (NYSCEF 112). Briefly, the disputes relate to expense charges made by plaintiff for a parking facility used by customers of the retail tenants and by persons attending events at defendant's premises.

**654526/2020   FLATBUSH CENTER PARKING LLC vs. KINGS THEATRE MASTER TENANT,**        **Page 1 of 5**
**Motion No.  007**

1 of 5

Plaintiff, defendant, and Staples were supposed to share in the expenses of operating the parking facility in agreed proportions. Defendant contends that for years, plaintiff failed to produce budgets for operating the parking facility, and when it finally started to prepare budgets and associated bills, it charged the retail tenants for some of those expenses and then credited the associated receipts from those tenants to its own share of the expense of operating the parking facility, instead of sharing those receipts pro rata with defendant. Plaintiff argues that it had its own separate and independent contracts with the retailers, and the right to utilize those contracts to offset its share of the parking facility expenses without having any obligation to share that savings with defendant.

Defendant further contends that some of the expenses that plaintiff tried to assess against it were, in reality, capital improvements for leaks in the ceilings of the retail stores that were underneath part of the parking deck, and were necessary tenant-improvement repairs to fix the leaks, and therefore did not constitute expenses of plaintiff's operation of the parking facility at all. Plaintiff seeks to recover the disputed charges which defendant refused to pay, and defendant counterclaims for reimbursement of excessive charges that it claims it paid unknowingly.

During this litigation, the parties entered into a stipulated, and so-ordered, confidentiality order, which provides that:

> "'Confidential Information' shall mean all Documents and Testimony, and all information contained therein, and all other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information or other information the disclosure of which would, in the good faith judgment of the Party or, as appropriate, non-party designating the material as confidential, be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients.

**654526/2020   FLATBUSH CENTER PARKING LLC vs. KINGS THEATRE MASTER TENANT,**          Page 2 of 5
**Motion No.  007**

Relatedly, Section 216.1 of the Uniform Rules for N.Y. State Trial Courts provides that:

> a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties.

Thus, to sustain a request to seal, the parties must establish that the documents at issue satisfy the confidentiality provision of their stipulation and the standards for sealing set forth in Section 216.1.

## II.      LEGAL ANALYSIS

In *Gryphon Domestic VI, LLC v APP Intl. Fin. Co., B.V.,* the Appellate Division, First Department, observed that "confidentiality is clearly the exception, not the rule", and that even if there were no opposition to the sealing order, "a court is always required to make an independent determination of good cause before it may grant a request for sealing" (28 AD3d 322 [1st Dept 2016]; *see also Mosallem v Berenson,* 76 AD3d 345 [1st Dept 2010] [pursuant to "New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records" [citations omitted]).

22 NYCRR 216.1(a) requires the Court to make a determination as to whether there exists good cause to seal court documents, and provides that "a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof." The statute requires that a judge find the requisite good cause to seal even if the parties stipulate to sealing (*Maxim, Inc. v Feifer*, 145 AD3d 516 [1st Dept 2016]).

Applying these standards, the Court will grant the request made by third-party Staples, through defense counsel, to seal Exhibits 61 and 63 (NYSCEF 187, 189) dealing with Common

**654526/2020   FLATBUSH CENTER PARKING LLC vs. KINGS THEATRE MASTER TENANT,**                    **Page 3 of 5**
**Motion No.  007**

3 of 5

Area Maintenance (CAM) charges. CAM provisions in large commercial leases are often heavily negotiated, and it could prejudice Staples for other landlords to see how it negotiates CAM provisions and to what it is willing to agree. This request is tailored, and it appears covered under the parties' confidentiality stipulation, as its disclosure could "be detrimental to the conduct of that Party's or non-party's business or the business of any of that Party's or non-party's customers or clients" (*see also Mancheski v Gabelli Group Cap. Partners*, 39 AD3d 499 [2d Dept 2007] [third-party financial information sealed since disclosure could affect its privacy rights, and proprietary financial information also properly sealed as it could hurt non-party's competitive standing]).

For similar reasons, plaintiff's other retail leases in these premises will be sealed (NYSCEF 186, 191, 194, 195) (*see Linkable Networks, Inc. v Mastercard Inc.*, 81 Misc3d 1235[A] [Sup Ct, New York County 2024] [Reed, J. Robert] [records sealed as they revealed extensive non-public aspects of defendant's business and legal strategy, as well as private financial information of nonparties]).

Plaintiff's various tax returns will also be sealed (NYSCEF 154-160 and 162-168), as tax returns are generally kept confidential (see 26 USC § 6103; IRS Taxpayer Bill of Rights, No. 8), and need not be produced in civil litigations absent "special circumstances" (*David Leinoff, Inc. v. 208 West 29th Street Assocs.*, 243 AD2d 418 [1st Dept 1997]).

For the rest of the documents which plaintiff seeks to seal, its request is broad and conclusory, making only general assertions that they contain "confidential financial information," and without showing how disclosure will cause it competitive or business harm. Thus, the Court has no basis to find that good cause exists to seal these documents, which Section 216.1 expressly requires (*see Matter of Arbitration between Cyprium Therapeutics, Inc.*

**654526/2020   FLATBUSH CENTER PARKING LLC vs. KINGS THEATRE MASTER TENANT,**          **Page 4 of 5**
**Motion No.  007**

4 of 5

[* 4]

*and Curia Global, Inc.*, 223 AD3d 1042 [3d Dept 2024] [party's claim that disclosure of material at issue would harm it competitively was broad and conclusory and lacked specific showing as to how it would be harmed]; *see also Eusini v Pioneer Electronics (USA), Inc.*, 29 AD3d 623, 626 [2d Dept 2006] [party's "designation of the materials as confidential or highly confidential is not controlling on the court's determination whether there is good cause to seal the record"]).

Accordingly, and as explained above, the court, pursuant to and in accordance with Part 216 of the Uniform Rules for the Trial Courts, having determined that good cause exists for the sealing in part of the file in this action and the grounds therefor having been specified, it is now

ORDERED, that the County Clerk, upon service on him of a copy of this order, is directed to seal NYSCEF nos. 154-160, 162-168, 186, 187, 189, 191, 194, and 195, and to separate these papers and to keep them separate from the balance of the file in this action; it is further

ORDERED, that thereafter, or until further order of the court, the Clerk of the Court shall deny access to the said sealed documents to anyone (other than the staff of the Clerk or the court) except for counsel of record for any party to this case and any party; and it is further

ORDERED, that service upon the Clerk of the Court shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

| | |
|---|---|
| **4/26/2024** | |
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

654526/2020   FLATBUSH CENTER PARKING LLC vs. KINGS THEATRE MASTER TENANT,     Page 5 of 5
Motion No.  007

5 of 5