Thompson v Kuhaneck (2025 NY Slip Op 02472)

Thompson v Kuhaneck

2025 NY Slip Op 02472

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, NOWAK, AND DELCONTE, JJ.

230 CA 23-02152

[*1]ROBERT THOMPSON AND TAMI THOMPSON, PLAINTIFFS-RESPONDENTS,
v
DEREK KUHANECK, MP CONSTRUCTION, MARK PETTIT, DOING BUSINESS AS MP CONSTRUCTION, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 

LAW OFFICES OF JOHN WALLACE, BUFFALO (JAMES J. NAVAGH OF COUNSEL), FOR DEFENDANT-APPELLANT DEREK KUHANECK. 
RUPP PFALZGRAF LLC, BUFFALO (CORY J. WEBER OF COUNSEL), FOR DEFENDANTS-APPELLANTS MP CONSTRUCTION, AND MARK PETTIT, DOING BUSINESS AS MP CONSTRUCTION. 
CAMPBELL & ASSOCIATES, HAMBURG (JASON M. TELAAK OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeals from an order of the Supreme Court, Erie County (Craig D. Hannah, J.), entered December 8, 2023. The order denied in part the motion of defendants MP Construction and Mark Pettit, doing business as MP Construction to preclude evidence or, in the alternative, to compel plaintiffs to produce certain discovery. 
It is hereby ORDERED that said appeal by defendant Derek Kuhaneck is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this personal injury action arising from a slip-and-fall accident suffered by Robert Thompson (plaintiff) at a work site, defendants MP Construction and Mark Pettit, doing business as MP Construction (collectively, MP Construction defendants), and defendant Derek Kuhaneck, each appeal from an order insofar as it denied in part the MP Construction defendants' motion to preclude evidence or, in the alternative, to compel plaintiffs to produce certain discovery. As an initial matter, we conclude that Kuhaneck is not aggrieved by the order from which he purports to appeal because the order neither granted relief against him nor denied any affirmative relief on his own behalf (see CPLR 5511; Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 664 n 4 [2014]; Krause v Industry Matrix, LLC, 227 AD3d 1560, 1561 [4th Dept 2024]; Kavanaugh v Kavanaugh, 200 AD3d 1568, 1571 [4th Dept 2021]). Contrary to Kuhaneck's suggestion, although he supported the MP Construction defendants' motion, he did not formally join that motion in compliance with CPLR 2215 (see Kavanaugh, 200 AD3d at 1571-1572; Morales v 1415, LLC, 171 AD3d 913, 916 [2d Dept 2019]). Consequently, Kuhaneck's appeal must be dismissed (see Fabrizi, 22 NY3d at 664; Kavanaugh, 200 AD3d at 1571-1572).
With respect to the merits of the MP Construction defendants' appeal, we conclude that Supreme Court did not abuse its discretion in denying in part the motion (see Spencer v Willard J. Price Assoc., LLC, 155 AD3d 592, 592 [1st Dept 2017]; Manzella v Provident Life & Cas. Co., 273 AD2d 923, 924 [4th Dept 2000]; cf. Boyea v Benz, 96 AD3d 1558, 1559-1560 [4th Dept 2012]; see generally Reading v Fabiano [appeal No. 2], 126 AD3d 1523, 1525 [4th Dept 2015]). Insofar as the motion relates to the disclosure of plaintiff's Social Security Disability records, the court "properly conducted an in camera review to redact irrelevant information . . . , and properly limited disclosure to the 'conditions affirmatively placed in controversy' " (Reading, 126 AD3d [*2]at 1525; see Mayer v Cusyck, 284 AD2d 937, 938 [4th Dept 2001]). Further, the court properly denied the motion insofar as it relates to the disclosure of plaintiff's tax returns inasmuch as the MP Construction defendants "failed to make the requisite showing that [the] tax returns were indispensable to [the] litigation and that [the] relevant information possibly contained therein was unavailable from other sources" given that plaintiff's past earnings were reflected in his employer's wage verification from his Workers' Compensation file (Lauer's Furniture Stores v Pittsford Place Assoc., 190 AD2d 1054, 1055 [4th Dept 1993]; cf. Has K'Paw Mu v Lyon, 158 AD3d 1084, 1085-1086 [4th Dept 2018]).
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court